IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PHONG T. PHAM, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-00734-P-BP |
| § | |
| TRACY RENAUD and § | |
| ALEJANDRO MAYORKAS, § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Notice of Dismissal Without Prejudice filed by Plaintiffs on August 27, 2021. ECF No. 18. In their Motion, Plaintiffs give notice of their voluntary dismissal of the case without prejudice. *Id.* at 1.

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiffs are entitled to voluntarily dismiss their case without a court order provided that the opposing party has not served an answer or a motion for summary judgment. The right to voluntarily dismiss an action before service of an answer or summary judgment motion is "absolute and unconditional" and may not be "extinguished or circumscribed by adversary or court." *Int'l Driver Training Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 715–16 (5th Cir. 2006) (per curiam) (citations omitted). A notice of voluntary dismissal under this rule is "self-executing," and no further court action is required. *Id.* at 716.

A review of the record in this case reflects that although Defendants have filed an unopposed motion for extension of time to answer or otherwise respond to Plaintiffs' complaint (*see* ECF No. 17), they have not filed an answer or a motion for summary judgment. Therefore,

the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** without prejudice Plaintiffs' claims against Defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on August 30, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE